UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STEPHEN MANTZ                                                                                                    PLAINTIFF

VS.                                         CIVIL ACTION NO.: 3:09CV38-DPJ-FKB

MCCOY CORPORATION                                                            DEFENDANT

**<u>ORDER</u>**

This employment dispute is before the Court on the motion for summary judgment [12] filed by McCoy Corp. d/b/a McCoy's Building Supply ("McCoy's") pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. The Court has fully considered the parties' submissions and the applicable law, and concludes that Defendants' motion should be granted in part and denied in part.

I.     Background

Plaintiff Stephen Mantz is a former manager for McCoy's Vicksburg, Mississippi, store. Aggrieved by the termination of his employment in 2008, Mantz filed the instant suit after first exhausting his administrative remedies. He asserts claims under the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. §§ 621 *et seq.*, the American with Disabilities Act ("ADA") of 1990, as amended, U.S.C. §§ 12101 *et seq.*, and the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §§ 2601 *et seq.* Mantz also asserted various state law claims. Defendant McCoy's has now moved for summary judgment. The Court has personal and subject matter jurisdiction, and the motion is ripe for consideration.

II.     Standard

Summary judgment is warranted under Rule 56(c)(2) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000).

III.    Analysis

   A.    Federal Claims

Plaintiff contends that Defendant wrongfully terminated his employment due to his disability and age in violation of the ADA and the ADEA and that the adverse employment action constituted retaliation in violation of the FMLA. Defendant's motion examines these

2

claims collectively and assumes that Plaintiff has established a prima facie case of discrimination under each statute. The sole focus of the motion is whether Plaintiff can rebut McCoy's legitimate nondiscriminatory reason for terminating his employment, as required in the third step of the *McDonnell Douglas* burden-shifting analysis that applies to the ADA, ADEA, and FMLA.

"If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for [unlawful] discrimination." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004). Pretext may be established "either through evidence of disparate treatment *or* by showing that the employer's proffered explanation is false or unworthy of credence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citations and quotations omitted). The *Laxton* court explained:

> [the] concern is whether the evidence supports an inference that [the employer] intentionally discriminated against [the employee], an inference that can be drawn if its proffered reason was not the real reason for discharge. Therefore, to survive [a] motion for judgment as a matter of law, [the employee] must produce evidence permitting the jury to disbelieve that [the employer's] proffered reason was its true motivation.

*Id.* at 579.[1] Here, Defendant contends that it terminated Plaintiff's employment when his subordinates complained in February 2008 about his foul mouth and temper tantrums. The Court concludes that the following averments create a jury question as to whether that justification is worthy of credence.

---

[1]In addition to the pretext method of proof, certain anti-discrimination statutes, such as Title VII, provide for a mixed-motives analysis. Defendant concedes for the sake of this motion that mixed-motives analysis applies to Plaintiff's claims under the ADA, ADEA, and FLMA. The Court questions the assumption, but nevertheless finds a question of fact exists, which precludes summary judgment. *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2349 (2009).

There is no dispute that Plaintiff was off work due to a disability in fall 2007. While on leave, Plaintiff's eventual successor (who was substantially younger than Plaintiff) handled his responsibilities. Near the conclusion of this initial leave, Defendant approached Plaintiff and informed him that his employment would be terminated if he did not return to work by December 2007. During that same meeting, Defendant informed Plaintiff that, upon return, his annual salary would be reduced from $80,000 to $60,000. Plaintiff had never faced a salary decrease in nine years of employment with McCoy's. Significantly, Defendant's representatives encouraged Plaintiff not to return and suggested that, if he returned and then took disability, his disability figures would be calculated based on the reduced salary. Accordingly, Defendant sought to terminate the employment relationship approximately two months before Plaintiff was fired and before the alleged complaints came to light. It is also significant that there was no record of any complaints regarding Plaintiff's behavior at the time Defendant first attempted to sever the employment. Plaintiff was, however, on disability-related leave at that time and was older than the employee who was performing his job and ultimately replaced him.

In addition, Plaintiff missed additional time in January 2008 when he underwent hip surgery. After the surgery, Plaintiff expressed a desire to return to work, but he was told by his superior, "You have to wait, I will get back with you on that. It is not that simple." The record also contains a letter from Defendant to Plaintiff's doctor regarding work restrictions that could be read as an attempt to avoid making accommodations. Likewise, when Defendant did offer accommodations, it made clear that the situation would be reevaluated after the four-week accommodation period recommended by the doctor. Less than one month after these accommodations began, Defendant terminated Plaintiff's employment.

4

Defendant does not address any of these factual assertions. Instead, it argues first that Plaintiff has not proven disparate treatment, an argument with which the Court agrees. While other managers were not disciplined for using similar language, the record is not sufficient to establish that the situations were "nearly identical" as required to pursue this method of demonstrating pretext. *See Berquist v. Wash. Mut. Bank,* 500 F.3d 344, 353 (5th Cir. 2007). However, Plaintiff also argues the alternative method of proof, suggesting that the proffered reason is unworthy of credence and not the real reason for the termination. *See Laxton*, 333 F.3d at 578.

Defendant next argues that the temporal proximity of the disability to the discharge is not alone sufficient to rebut the employer's legitimate nondiscriminatory reason. *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 656 (5th Cir. 2004) ("Without more than timing allegations, and based on Alltel's legitimate, nondiscriminatory reason in this case, summary judgment in favor of Alltel was proper."). Again, Defendant is partially correct. Temporal proximity alone is not determinative. *See Strong v. Univ. Healthcare Sys., LLC*, 482 F.3d 802, 808 (5th Cir. 2007). It is, however, a factor that may be considered. *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 44 (5th Cir. 1992) (noting that temporal proximity is "one of the elements in the entire calculation"), *cited in Strong*, 482 F.3d at 808. Here, other evidence exists, and the close temporal proximity between the termination, the medical leave, and the efforts to obtain his dismissal provides a basis for finding a question of fact.

All of the above mentioned evidence could be viewed in a light more favorable to McCoy's, but the Court must view the facts in a light most favorable to the non-moving party and may not "make credibility determinations or weigh the evidence." *Reeves*, 530 U.S. at 150.

5

Viewed in this light, a question of fact exists as to whether the complaints regarding Plaintiff's behavior in February 2008 were the real reason for the termination of his employment or whether it was due to unlawful discrimination.

    B.       State Law Claims

          1.       Breach of Contract

Plaintiff essentially concedes that he was an at-will employee. Such employment may be terminated at the will of either party. "This means either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating the employment contract. *Kelly v. Miss. Valley Gas Co.*, 397 So. 2d 874, 874–75 (Miss. 1981) (citing *Montgomery Ward & Co. v. Skinner*, 25 So. 2d 572 (1946); *Rape v. Mobile & Ohio R. R. Co.*, 100 So. 585 (1924); *Butler v. Smith & Tharpe*, 35 Miss. 457 (1858)). There is an exception to this rule where an employee handbook sets forth policies and procedures that may create certain contractual employment rights. *Bobbitt v. The Orchard, Ltd.*, 603 So. 2d 356, 361 (Miss. 1992). However, this exception does not apply where, as in this case, the manual "contains an express statement that [the employer] did not intend to waive its right to terminate him unilaterally by promulgating the policy handbooks." *Perry v. Sears, Roebuck & Co.*, 508 So. 2d 1086, 1088 (Miss. 1987).

Plaintiff recognizes this fatal flaw in his claim and argues that the law should be different. He asserts that "[e]ven though it is generally accepted that a 'disclaimer' would in fact make invalid any progressive discipline policy, Plaintiff Mantz would argue that employees should have protection in the work place when there is a **known** policy that provides for

discipline." Pl.'s Resp. [27] at 16-17. This Court is obviously required to follow established Mississippi law, which dictates dismissal of Plaintiff's breach of contract claim.

2. Negligent and/or Intentional Infliction of Emotional Distress

McCoy's moves for summary judgment as to Plaintiff's claims for negligent and intentional infliction of emotional distress. Plaintiff failed to respond to the negligent infliction of emotional distress portion of the motion, which is otherwise meritorious. Plaintiff did address the intentional infliction claim. "To prove a claim of intentional infliction of emotional distress, a plaintiff must show that the defendant's conduct was extreme and outrageous, going beyond all possible bounds of decency. Ordinarily, a plaintiff cannot recover for intentional infliction of emotional distress arising from mere employment disputes." *Senseney v. Miss. Power Co.*, 914 So. 2d 1225, 1230 (Miss. Ct. App. 2005) (citations and quotations omitted). Moreover, "[r]ecognition of a cause of action for intentional infliction of emotional distress in a workplace environment has usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 851 (Miss. 2001) (citing *Pegues v. Emerson Elec. Co.*, 913 F. Supp. 976, 982 (N.D. Miss. 1996); *Brown v. Inter-City Fed. Bank*, 738 So.2d 262, 265 (Miss. Ct. App.1999). The Court concludes that Plaintiff has not presented a record sufficient to create a question of fact on this claim.

IV. Conclusion

Based on the foregoing, the Court concludes the Defendant's motion for summary judgment should be granted in part and denied in part. Plaintiff's state law claims are dismissed; Plaintiff's federal claims may proceed to trial.

The parties are directed to contact Courtroom Deputy Ann Nelson by June 25, 2010, to set this case for pretrial conference and to obtain a trial term setting. The parties are further directed to contact U. S. Magistrate Judge F. Keith Ball by that same date to reset the settlement conference that was terminated November 16, 2009.

**SO ORDERED AND ADJUDGED** this the 18th day of June, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE